TRACI S. LAGASSE (SBN: 180976)
tlagasse@albblaw.com
JESSICA B. YANG (SBN: 297652)
jyang@albblaw.com
ANDREWS · LAGASSE · BRANCH & BELL LLP
4365 Executive Drive, Suite 950
San Diego, CA 92121
Telephone: (858) 345-5080
Facsimile: (858) 345-5025

Attorneys for Defendant
AVALONBAY COMMUNITIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA COOK,<br><br>            Plaintiff,<br><br>vs.<br><br>AVALONBAY COMMUNITIES, a California Corporation; SICO INCORPORATED, a Minnesota Corporation; SICO AMERICA INC., a Minnesota Corporation; and DOES 1 through 20, Inclusive,<br><br>            Defendants. | CASE NO.<br><br>**DEFENDANT AVALONBAY COMMUNITIES, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441(b)**<br><br>(Filed concurrently with Declaration of Traci S. Lagasse; Declaration of Daniel Bean; and Notice of Interested Parties)<br><br>State Action Filed: July 26, 2016 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant AvalonBay Communities, Inc. (AvalonBay) hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) and removes Case No. 30-2016-00865640-CU-PO-CJC (the State Court Action) from the Superior Court of the State of California, County of Orange.

-1-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441

## I. PLEADINGS AND PROCEEDINGS TO DATE

1. On July 16, 2016, the State Court action was commenced in the Superior Court of the State of California in and for the County of Orange. In the State Court Action, Plaintiff Theresa Cook sets forth the following causes of action: (1) Premises Liability and (2) Products Liability. In addition to AvalonBay, Plaintiff named SICO Incorporated, SICO America Inc., and Does 1 through 20 as Defendants.

2. On August 29, 2016, AvalonBay was served with the Summons and Complaint in the State Court Action. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, State of Damages, Alternative Dispute Resolution (ADR) Information Package, Expedited Jury Trial Information Sheet, and Superior Court of Orange County – Hearing Schedule, are attached hereto as Exhibit "A" to the Declaration of Traci S. Lagasse (Lagasse Decl.) filed concurrently herewith. Lagasse Decl., ¶ 3.

3. On September 20, 2016, Plaintiff filed a Request for Dismissal Without Prejudice as to Defendant SICO Incorporated only. A true and correct copy of Plaintiff's Request for Dismissal Without Prejudice is attached hereto as Exhibit "B" to the Lagasse Declaration filed concurrently herewith. Lagasse Decl. ¶ 4.

4. On September 20, 2016, Defendant SICO America, Inc. timely filed and served an Answer to Plaintiff's Complaint in the Orange County Superior Court. A true and correct copy of SICO America Inc.'s Answer is attached hereto as Exhibit "C" to the Lagasse Decl. filed concurrently herewith. Lagasse Decl., ¶ 5. On September 20, 2016, Defendant SICO America Inc. filed a Cross-Complaint for Equitable Indemnity, naming AvalonBay and Does 1 through 100 as Cross-Defendants. A true and correct copy of SICO America Inc.'s Cross-Complaint is attached as Exhibit "D" to the Lagasse Declaration filed concurrently herewith. Lagasse Decl., ¶ 6.

5. On September 22, 2016, AvalonBay timely filed and served an Answer to Plaintiff's Complaint in the Orange County Superior Court. A true and correct copy of AvalonBay's Answer is attached hereto as Exhibit "E" to the Lagasse Declaration filed concurrently herewith. Lagasse Decl., ¶ 7.

6. On October 12, 2016, AvalonBay filed a Cross-Complaint for Equitable Indemnity, Contribution, and Declaratory Relief naming SICO Incorporated, SICO America Inc., and Roes 1 through 10 as Cross-Defendants. A true and correct copy of AvalonBay's Cross-Complaint is attached hereto as Exhibit "F" to the Lagasse Declaration filed concurrently herewith. Lagasse Decl. ¶ 8.

7. On October 25, 2016, SICO America Inc. filed an Answer in the Orange County Superior Court to AvalonBay's Cross-Complaint. A true and correct copy of SICO America Inc.'s Answer is attached hereto as Exhibit "G" to the Lagasse Declaration filed concurrently herewith. Lagasse Decl. ¶ 9.

8. On October 28, 2016 AvalonBay filed a Request for Dismissal Without Prejudice as to Defendant SICO Incorporated only. A true and correct copy of AvalonBay's Request for Dismissal Without Prejudice is attached hereto as Exhibit "H" to the Lagasse Declaration filed concurrently herewith. Lagasse Decl. ¶ 10.

9. On November 29, 2016, AvalonBay filed an Answer in the Orange County Superior Court to SICO America Inc.'s Cross-Complaint. A true and correct copy of AvalonBay's Answer is attached hereto as Exhibit "I" to the Lagasse Declaration filed concurrently herewith. Lagasse Decl. ¶ 11.

## II. TIMELINESS OF REMOVAL

10. This case, as stated by Plaintiff's Complaint, was not removable because it did not affirmatively allege Plaintiff's citizenship. Lagasse Decl., ¶ 3; see Compl., passim; see also Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (the "first thirty-day period for removal in 28 U.S.C. § 1446(b)

only applies if the case stated by the initial pleading is removable on its face"); Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-858 (9th Cir. 2001) (a complaint which merely alleges the residence of the Plaintiff fails to establish the citizenship of the plaintiff for the purposes of diversity jurisdiction). Accordingly, the 30-day deadline provided for in 28 U.S.C. § 1446(b) with respect to service "of the initial pleading" was never triggered in the instant matter.

11. On or about October 12, 2016, AvalonBay propounded Form Interrogatories (Set One), Special Interrogatories (Set One), and Requests for Admission (Set One), to Plaintiff, collectively referred to as AvalonBay's Discovery Requests. AvalonBay's Discovery Requests requested, among other things, Plaintiff provide information regarding her citizenship. A true and correct copy of AvalonBay's Discovery Requests is attached hereto as Exhibit "J" to the Lagasse Declaration filed concurrently herewith. Lagasse Decl., ¶ 12.

12. Plaintiff served her responses to AvalonBay's Discovery Requests on November 16, 2016, which AvalonBay received on November 18, 2016. A true and correct copy of Plaintiff's responses to AvalonBay's Discovery Requests is attached hereto as Exhibit "K" to the Lagasse Declaration filed concurrently herewith. Lagasse Decl., ¶ 13. In her responses, Plaintiff admits she is a current resident of the State of Arizona with no intention to return to the State of California as a permanent resident, and was a resident of the State of Arizona at the time the State Court Action was filed. Ex. K, pp. 15-16.

13. When a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is subject to removal. 28 U.S.C. § 1446(b)(3).

///

///

-4-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441

14. Here, AvalonBay received discovery responses indicating the case was removable on November 18, 2016. As such this removal is timely because it was filed within 30 days of November 18, 2016. Lagasse Decl., ¶ 13.

15. To date, AvalonBay has not received any document, other than those included in Exhibits "A" through "K" outlined above, which would constitute an "other pleading, motion, order, or other paper" within the meaning of 28 U.S.C. § 1446(b). Lagasse Decl., ¶ 14.

### III. DIVERSITY JURISDICTION

16. Diversity is present when an action is between citizens of a state and citizens or subjects of a foreign state, or between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332.

17. Citizenship of the parties in the State Court Action is determined by their citizenship status at the State Action's commencement. See Mann v. City of Tucson, 782 F.2d 790, 794 (9th Cir. 1986).

18. To establish citizenship for diversity purposes, a natural person must first be a citizen of the United States and a domiciliary of one particular state. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1099, 1090 (9th Cir. 1983).

19. In response to AvalonBay's Discovery Requests, Plaintiff admits that, at the time of the filing of her Complaint, she was a permanent resident of the State of Arizona. Ex. K, p. 15. See Miller v. Thermarite Pty. Ltd., 793 F.Supp. 306 (S.D. Ala. 1992).

20. For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has a principal place of business. 28 U.S.C. § 1332(c)(1).

21. AvalonBay, both at the time this action was commenced and the time it was removed to federal court, is either a citizen of the State of Maryland or of

the State of Virginia within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Maryland, with its principal place of business and corporate headquarters located in Virginia. Declaration of Daniel Bean (Bean Decl.), ¶¶ 3-4.

22. At the time the Complaint was filed, AvalonBay was and still is incorporated in the State of Maryland. Bean Decl., ¶ 3.

23. AvalonBay's principal place of business is in the State of Virginia. AvalonBay owns and maintains properties in eleven different states and the District of Columbia, but performs the vast majority of its executive and administrative functions at its Arlington, Virginia corporate office. Bean Decl., ¶ 4. For example, AvalonBay's Chief Executive Officer, Chief Financial Officer, and highest-ranking corporate employees are all located in Arlington, Virginia. Id. The State of Virginia is where all of AvalonBay's primary executive, administrative, financial, and management functions are conducted and where the high level officers direct, control, and coordinate the corporation's activities. The Hertz Corporation v. Friend, 559 U.S. 77, 92 (2010). Accordingly, AvalonBay is, and was at the time of the filing of the State Court Action, a citizen of the States of Maryland and Virginia.

24. Defendant SICO America Inc., both at the time the State Action was commenced and the time it was removed to federal court, is a citizen of the State of Minnesota within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Minnesota, with its principal place of business and corporate headquarters located in Minneapolis, Minnesota. Lagasse Decl., ¶ 15, Ex. "L", p. 1.

25. AvalonBay is unaware of any Doe defendants having been served with a copy of the Summons and Complaint in the State Court Action. Lagasse Decl., ¶ 16. The citizenship of Doe defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this Chapter, the

-6-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441

citizenship of defendants sued under a fictitious name shall be disregarded."). Accordingly, there are no other named defendants to join AvalonBay in this Notice of Removal.

26. This action is brought between citizens of different states under the definition of 28 U.S.C. § 1332. Because Plaintiff is a citizen of the State of Arizona, there is complete diversity of citizenship. 28 U.S.C. §§ 1441, et seq.

### IV. AMOUNT IN CONTROVERSY

27. The amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs in order for diversity jurisdiction to exist and for removal to be proper. 28 U.S.C. § 1332(a).

28. The amount in controversy is determined at the outset from the good faith allegations or prayer of the complaint. Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000). The amount in controversy may include compensatory damages claims for "general" damages or "special" damages. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007). The amount in controversy may include punitive damages if (1) they are recoverable as a matter of state law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. (Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).

29. In this case, Plaintiff served a Statement of Damages as to each named Defendant. As to AvalonBay, SICO Incorporated, and SICO America Inc., Plaintiff seeks separately from each Defendant $1,000,000 in general damages and $40,000 in special damages. Ex. A, pp. 10-12. Plaintiff reserves the right to seek $1,000,000 in punitive damages against AvalonBay. Ex. A, p. 10.

### V. VENUE

30. Venue of the State Court Action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and ///

1391(c) because this is the judicial district of this Court in which the action arose and where the causes of action arose.

31. AvalonBay will provide written notice of the filing of this Notice of Removal to adverse parties are required by 28 U.S.C. section 1446(d) and will file a copy with the Clerk of Court of the Superior Court of California, County of Orange, as further required by the statute. Lagasse Decl., ¶ X.

32. AvalonBay is currently represented by the undersigned attorney and agrees to this Notice of Removal.

WHEREFORE, Defendant AvalonBay Communities, Inc. removes the above-entitled action now pending in the Superior Court of the State of California for the County of Orange to this Court, and that this Court assume full jurisdiction over this action as provided by law.

Dated: December 15, 2016

ANDREWS · LAGASSE · BRANCH & BELL LLP

By: _____
Traci S. Lagasse
tlagasse@albblaw.com
Jessica B. Yang
jyang@albblaw.com
Attorneys for Defendant
AVALONBAY COMMUNITIES, INC.

-8-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441